IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

        Petitioner,               No. CIV S-05-1062 LKK DAD P

    vs.

DAVE GRAZAINI, et al.,

        Respondents.      <u>ORDER</u>

_____/

        Petitioner, an inmate of a state mental hospital, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis. The in forma pauperis application makes the showing required by 28 U.S.C. § 1915 and will be granted.

        The court must examine a habeas petition to determine whether the respondents should be ordered to file a response to the petition. Rule 4, Fed. R. Governing § 2254 Cases in the District Courts  The court may not order a response if it plainly appears from the petition that the petitioner is not entitled to relief in the district court. <u>Id.</u>

        On the first page of the form petition filed on May 27, 2005, petitioner alleges that the judgment of conviction under attack was entered in the El Dorado County Superior Court in 1989. Petitioner alleges additional facts concerning his 1989 conviction but concludes the first

1

Dockets.Justia.com

1  page with the statement, "This involves orders made after judgment affecting my substantial

2  rights."  On the second page of the form, petitioner reiterates that "This current petition involves

3  orders made after judgment affecting my rights," refers to an "attached typed comprehensive

4  explanation," and indicates that he has a habeas action pending in this court, case No. CIV S-03-

5  1809 GEB DAD P, which he describes as having "other different issues."  On the third page of

6  the form, petitioner alleges that "This has been to the State Court of Appeal and the State

7  Supreme Court, respectively (C004471 & S118391)."  On subsequent pages of the form,

8  petitioner identifies his first ground for relief as "Violations of the Americans With Disabilities

9  Act, & my 1st, 5th, 6th, 8th, & 14th Amendments to the U.S. Constitution" and indicates "Please

10  see Attached" in the spaces where grounds two, three, and four are to be alleged.  Petitioner

11  alleges no supporting facts on the form.

12          Attached to the form petition is a typed document titled "Attachment to Petition

13  for Writ of Habeas Corpus and/or Americans With Disabilities Act and/or § 1983 Complaint

14  Form."  The attachment consists of 15 numbered pages bearing three headings.  The first heading

15  is "Nature of the Matter," the second is "Facts of the Current Matter," and the third, numbered

16  "IV," is "Request for Relief."  Petitioner seeks "federal court intervention, and relief from an

17  unconstitutional and potentially dangerous and looming situation."  (Pet., Attach. at 1.)  He

18  complains of "perpetual violations" of his rights by a state-appointed attorney and a state court

19  judge "who will not recuse themselves" despite petitioner's objections to their "paternalistic

20  position" on his case."  (Id.)  Petitioner alleges that he raised "this 'paternalistic' issue" in state

21  court petitions and explained to the California Supreme Court that he

22          has been trying, off and on, for years to remove a California
            Superior Court Judge (Judge Keller of the El Dorado County
23          Superior Court) from presiding over his case, and he has also been
            trying, off and off [sic] to get an appointed attorney (Mr. Adam
24          Weiner) to get off his case, and he does not want Mr. Weiner
            representing him on anything.

25

26  (Id., Attach. at 2.)  Petitioner further explained to the California Supreme Court that he wants

1    Judge Keller and Mr. Weiner removed from his case "because they keep playing a paternalistic

2    role, rather than an advocacy role in all the proceedings that I am entitled to or request" and

3    "apparently believe the mental hospital is the best place for me to stay." (Id.) Petitioner states

4    that he also raised "this paternalistic issue" in case No. CIV S-03-1809 GEB DAD P but relief

5    was denied.[1] (Id.)

6            Petitioner states that on May 3, 2005, he received a telephone call from Adam

7    Weiner, who informed petitioner that the district attorney had filed a recommitment petition on

8    April 30, 2005, requesting that the court extend petitioner's commitment to Napa State Hospital

9    for two years, that Mr. Weiner had been appointed to represent petitioner and would be meeting

10   with petitioner to discuss a defense to the petition, and that a hearing had been set for June 10,

11   2005. (Id., Attach. at 3.) Petitioner describes past proceedings in the El Dorado County Superior

12   Court and complains of conditions of confinement during transport to and confinement in the

13   county jail. (Id., Attach. at 3-14.) Petitioner seeks the following relief in this court:

14            Therefore, please examine this matter, please recuse the
         ElDorado [sic] County Superior Court from hearing my case,
15       please recuse attorney Adam Weiner from my case, please allow
         me a change of venue to a superior court in a county closer to the
16       mental institution, and please order that I NOT BE HOUSED IN
         THE ELDORADO [sic] COUNTY JAIL FOR ANYTHING NOW
17       OR EVER IN THE FUTURE. And please order and/or grant any
         other and further relief appropriate to these situations.

18

19   (Id., Attach. at 15.)

20           Federal courts "shall entertain an application for a writ of habeas corpus in behalf

21   of a person in custody pursuant to the judgment of a State court *only on the ground that he is in*

22

23       [1] On May 13, 2005, the undersigned issued findings and recommendations in case No. CIV
     S-03-1809 GEB DAD P, recommending that petitioner's motion for emergency injunctive relief be
24   denied because petitioner sought injunctive relief against entities or persons not parties to that action
     and because that action concerns only petitioner's 1989 plea and conviction. Petitioner was advised
25   to raise his concerns about medical and psychiatric care at the county jail with his appointed counsel
     and, if appropriate, to pursue remedies in state court or in a civil rights action under 42 U.S.C.
26   §1983.

1   *custody in violation of the Constitution or laws or treaties of the United States.*"  28 U.S.C. §

2   2254(a) (emphasis added).  Thus, federal habeas corpus relief is available only for challenges to

3   the duration or legality of a prisoner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 500

4   (1973).  A state prisoner who seeks to challenge unconstitutional conditions of confinement may

5   challenge those conditions in federal court only by presenting them in a civil rights action

6   properly brought pursuant to 42 U.S.C. § 1983.

7           Concurrently with this habeas action, petitioner filed a civil rights action

8   concerning his medical and psychiatric care.  See case No. CIV S-05-1059 FCD DAD P.  By

9   order filed June 3, 2005, that action has been transferred to the United States District Court for

10  the Northern District of California, where venue is proper.  Petitioner's claims concerning

11  conditions of confinement at Napa State Hospital must be pursued in that civil rights action.

12  Claims concerning conditions of confinement in the El Dorado County Jail, if any such claims

13  have been exhausted, should be presented in a civil rights action naming as defendants the

14  persons responsible for those conditions.

15          Petitioner has filed and is proceeding with a federal habeas case attacking his

16  1989 plea and conviction.  See case No. CIV S-03-1809 GEB DAD P.  All issues relating to the

17  1989 plea and conviction must be raised in that action.  To the extent that petitioner is seeking

18  federal court intervention in pending state court proceedings that may affect his custody in the

19  future, this habeas action is premature.  Petitioner must await the final judgment of the trial court

20  and exhaust state court remedies before coming to federal court.

21          If petitioner wishes to challenge a state court order or judgment other than his

22  1989 conviction and other than the current state court proceedings, he must identify the specific

23  order or judgment under attack and allege properly exhausted grounds for relief arising from that

24  order or judgment.  Petitioner's habeas petition will be dismissed with leave to file an amended

25  petition in which he attacks a specific state court judgment, such as a previous recommitment

26  order, and alleging specific federal claims related to that order.  Petitioner may allege only claims

1  that were fairly presented to the California Supreme Court as federal claims.  Petitioner must

2  omit from the amended petition any claims concerning his 1989 plea and conviction, as well as

3  any claims arising from pending state court proceedings.

4         If petitioner chooses to file an amended petition, he must submit the pleading on a

5  habeas petition form and answer all questions on the form.  On the first page, petitioner must

6  identify the state court order or judgment under attack and answer all questions in the context of

7  that order or judgment.  Petitioner must state all grounds for relief on the form itself and must

8  provide a brief summary of facts supporting each ground for relief.  Petitioner may attach a

9  memorandum of points and authorities in which he offers argument concerning his claims, but

10  the memorandum cannot serve as a substitute for the required statement of grounds for relief and

11  supporting facts on the form.  In order to demonstrate exhaustion of all grounds for relief alleged

12  in the amended petition, petitioner shall attach to the amended petition a copy of the state habeas

13  petition in which he presented his grounds for relief to the California Supreme Court.

14         In accordance with the above, IT IS HEREBY ORDERED that:

15         1.  Petitioner's May 27, 2005 application to proceed in forma pauperis is granted;

16         2.  The petition for writ of habeas corpus filed May 27, 2005, is dismissed with

17  leave to amend;

18         3.  Petitioner is granted thirty days from the date of this order to file an amended

19  petition that complies in all respects with this order; and

20         4.  Petitioner's failure to file an amended petition that complies with this order

21  will result in a recommendation that this action be dismissed without prejudice.

22  DATED: June 8, 2005.

23

24  _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

25  DAD:13
atte1062.115

26

5